**Sogomon AKOPYAN, Plaintiff–Appellant,**

v.

**Jo Anne BARNHART, Commissioner of Social Security Administration,\* Defendant–Appellee.**

No. 01–56303.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2002.

Filed July 18, 2002.

---

\* Jo Anne Barnhart is substituted for her predecessor as Commissioner of Social Security Administration. Fed. R.App. P. 43(c)(2).

John Ohanian, Palos Verdes, California, for the plaintiff-appellant.

Lawrence A. Levey and Richard Fox, Office of the General Counsel, Social Security Administration, Baltimore, Maryland, for the defendant-appellee.

Before CYNTHIA HOLCOMB HALL, SILVERMAN and RAWLINSON, Circuit Judges.

## OPINION

CYNTHIA HOLCOMB HALL, Circuit Judge.

This case requires us to determine whether an order issued pursuant to the fourth sentence of 42 U.S.C. § 405(g) can operate to terminate a previous remand order issued pursuant to the sixth sentence of the statute, thus constituting a final judgment for purposes of determining the timeliness of an attorneys' fees petition brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). We conclude that it can, and exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. Introduction

42 U.S.C. § 405(g) authorizes district courts to review administrative decisions in Social Security benefits cases. The first two sentences of Section 405(g) provide, in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides...." The fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand to the Commissioner of Social Security Administration ("Commissioner"). *Shalala v. Schaefer*, 509 U.S. 292, 296, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99–100, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) ("Congress' explicit delineation in § 405(g) regarding the circumstances under which remands are authorized leads us to conclude that it intended to limit the district court's authority to enter remand orders to these types.").

Sentence four provides that "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing...." 42 U.S.C. § 405(g). A sentence four remand has thus been characterized as essentially a determination that the agency erred in some respect in reaching a decision to deny benefits. *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir.1996).

A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal. *Schaefer*, 509 U.S. at 297, 302, 113 S.Ct. 2625; *see also Melkonyan*, 501 U.S. at 102, 111 S.Ct. 2157; *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir.1995). A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees. *Schaefer*, 509 U.S. at 301–02, 113 S.Ct. 2625. This is so even when the case has been remanded for further administrative action. *Id.* at 297–98, 113 S.Ct. 2625.

Sentence six of Section 405(g) provides that the

> court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agen-

cy. *Schaefer*, 509 U.S. at 297 n. 2, 113 S.Ct. 2625. Unlike sentence four remands, sentence six remands do not constitute final judgments. Rather, "[i]n sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan*, 501 U.S. at 102, 111 S.Ct. 2157.

## II. Background

On December 22, 1987, Sogomon Akopyan filed an application for Supplemental Security Income payments under Title XVI of the Social Security Act, alleging that he had become disabled. Following the denial of Akopyan's claim by the Commissioner, Akopyan sought review of his application by an administrative law judge ("ALJ"), who also determined that Akopyan was not disabled. Akopyan then sought judicial review of the ALJ's determination in the United States District Court for the Central District of California. On May 2, 1994, the district court entered an order and judgment adopting a report and recommendation of a magistrate judge and remanding the case for further administrative proceedings (the "1994 remand"). The 1994 remand was issued pursuant to the sixth sentence of 42 U.S.C. § 405(g).

Further administrative proceedings were then held in accordance with the district court's remand order. Akopyan appeared and testified at a hearing held before a different ALJ, and this ALJ issued a decision on January 30, 1995, again finding that Akopyan was not disabled. Akopyan again filed an appeal with the district court. Upon review of the certified transcript of the administrative proceedings, the district court on June 4, 1998 "remanded [the case] to the Commissioner pursuant to Sentence 4 of 42 U.S.C.

§ 405(g) for a new determination of the merits of plaintiff's application for benefits" (the "1998 remand"). The parties then engaged in an additional administrative hearing held by a third ALJ in accordance with the district court's 1998 remand order. On February 23, 2000, this third ALJ determined that Akopyan had been disabled pursuant to Title XVI.

Almost a year later, on February 1, 2001, Akopyan filed a petition for attorneys' fees under the EAJA. In his petition for attorneys' fees, Akopyan stated that he was a prevailing party "since one of defendant's administrative law judges (ALJs) issued a fully favorable decision in this case on February 23, 1999[sic—the date of this decision was February 23, 2000]." On February 12, 2001, the district court entered a judgment submitted to it by the parties which stated that the decision of the Social Security Administration awarding benefits was final following a "sentence 6 remand herein entered on May 2, 1994," because an administrative law judge had issued his decision and the appeals period had expired.

On March 8, 2001, the Commissioner filed an opposition to Akopyan's petition for attorneys' fees, arguing that it was untimely. On June 29, 2001, the district court issued an order denying Akopyan's attorneys' fees petition, agreeing with the Commissioner that it was time-barred. The district court also filed an amended judgment (superseding its February 12, 2001 judgment) deleting its previous reference to the "sentence six remand," finding that the stipulated language in the judgment entered on February 12, 2001 erroneously stated that judgment was being entered following the 1994 sentence six remand, when in fact that Commissioner had awarded benefits following the 1998 sentence four remand. Akopyan appeals the district court's determination that his

petition for attorneys' fees was untimely filed.

## III. Analysis

### A. Standard of Review

We review a district court's denial of attorneys' fees under the EAJA for an abuse of discretion. *Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir.2002). An error of law necessarily constitutes an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

### B. Merits

The EAJA provides, in relevant part:

A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action,* submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection. . . .

28 U.S.C. § 2412(d)(1)(B) (emphasis added). The parties dispute which date constitutes the final judgment in the action. Akopyan argues that pursuant to the 1994 sentence six remand, the judgment was not final until he obtained the February 12, 2001 judgment from the district court after having secured a favorable decision from an ALJ. The Commissioner contends that the 1994 sentence six remand was completed no later than when the parties returned to the district court in 1998 following the second ALJ's determination that Akopyan was not disabled, and that the sentence four 1998 remand constitutes a final judgment in this case for purposes of fees attributable to prior proceedings.

Turning to the district court's May 2, 1994 remand, the judgment stated and the parties agree that it was issued pursuant to sentence six of Section 405(g). The dispositive issue is whether the events following the 1994 remand demonstrate that the requirements for terminating a sentence six remand had been met when the district court entered its 1998 remand. A review of the record confirms that they had.

Following the 1994 remand, the ALJ newly assigned to the case allowed the administrative record to be expanded in accordance with the district court's remand order, and made a determination based on the complete administrative record before him that Akopyan was not disabled. Akopyan again appealed, filing a motion for summary judgment in district court. Notably, in this motion, Akopyan challenged the ALJ's decision only on the ground that "[t]he record establishes that the ALJ did not comply with the Supreme Court's mandate that he accurately assess the evidence as would a reasonable mind." Akopyan did not allege that a remand was again required to develop a full and fair record. On May 6, 1998 the parties appeared before a magistrate judge for the purpose of arguing their cross-motions for summary judgment. After the hearing, the parties agreed that the matter should be remanded to the Commissioner of the Social Security Administration for a new determination on the merits of Akopyan's claims. The district court signed the 1998 remand judgment pursuant to the stipulation of counsel, which stated that the action would be

remanded to the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g) for a new determination of the merits of plaintiff's application for benefits. Upon remand, the Commissioner will assign the matter to an Administrative Law Judge who has not previously acted by [sic] plaintiff's claim. Plaintiff's counsel shall retain the right to move to recuse any particular Administrative Law

Judge ('ALJ'). The Administrative Law Judge will either accept the diagnoses and opinions of plaintiff's treating physicians, or will fully explain why he or she does not accept those diagnoses and opinions.... The Commissioner may not obtain any additional consultative examinations of plaintiff.

At this point, the earlier sentence six remand was termi nated. The sentence six post-remand proceedings had been completed in accordance with the district court's 1994 remand order, the Commissioner had returned to court, and the court had entered a sentence four remand, which constitutes a final judgment. *Melkonyan*, 501 U.S. at 102, 111 S.Ct. 2157. Akopyan's argument that the sentence four remand was somehow not a final judgment because it required further administrative proceedings has been squarely rejected by the Supreme Court, as discussed above. Because this sentence four remand was a final judgment in the case, the time frame for Akopyan to file his petition for attorneys' fees began to run upon expiration of the 60 day appeal period. *See Schaefer*, 509 U.S. at 302, 113 S.Ct. 2625 (citing Fed. R.App. P. 4(a)). Allowing for this appeal period, Akopyan's motion for attorneys' fees was required to be filed no later than September 2, 1998.

We find Akopyan's two arguments to the contrary unpersuasive. Akopyan first argues that an Eleventh Circuit simultaneous dual-basis remand case, *Jackson v. Chater*, 99 F.3d 1086 (11th Cir.1996), compels a finding that a sentence four remand cannot constitute the final judgment needed to terminate a sentence six remand. In *Jackson*, the district court identified two statutory grounds for a remand. First, the ALJ had failed to perform his legal duty to develop a full and fair record at Jackson's hearing (a sentence-four basis for remand). Second, the district court remanded because it determined that Jackson had new and non-cumulative material evidence of deterioration of his back condition (a sentence six basis for remand). On appeal, the Court held that in a case that is remanded both on sentence four grounds and on sentence six grounds, a claimant *may* file an EAJA attorneys' fees application within 30 days after judgment of remand becomes final and no longer appealable, but the claimant *may also* wait to file an EAJA application after judgment is entered in his favor following remand proceedings, if the claimant prevailed in those remand proceedings in part due to sentence six grounds. *Id.* at 1097.

Assuming without deciding that this Court would adopt its reasoning, *Jackson* does not compel the result that Akopyan urges. Because of the simultaneous nature of the dual basis remand, in *Jackson* the sentence six remand proceedings were not and could not have been completed at the time when the sentence four remand was issued. Therefore the sentence four remand order could not have served as the final judgment entered after "the postremand proceedings are completed [and] the [Commissioner] returns to court." *Melkonyan*, 501 U.S. at 102, 111 S.Ct. 2157. In contrast, Akopyan completed the sentence six remand proceedings, returned to district court, and obtained a sentence four remand judgment in his favor. Accordingly, *Jackson* is factually distinguishable and does not materially support a determination that the 1994 remand was not terminated by the 1998 remand.

Finally, Akopyan argues that the equities favor a determination that the 1998 remand order operated as a final judgment, because the parties stipulated that "[t]his remand shall not prejudice plaintiff's counsel's future application for EAJA fees, if any...." However, the stipulated language continues "nor shall it preclude

the Commissioner from opposing any such application on the basis of applicable law." More importantly, a sentence four remand is a final judgment divesting the district court of jurisdiction, and the parties cannot stipulate to jurisdiction. *See, e.g., United States v. Mathews,* 833 F.2d 161, 164 (9th Cir.1987).

## IV. Conclusion

For the foregoing reasons, we affirm the order of the district court determining that Akopyan's petition for attorneys' fees was untimely.

AFFIRMED.