**Victor PODGORNEY, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Defendant—Appellee.**

**No. 05–15471.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2006 *.

Filed Nov. 17, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ian M. Sammis, Esq., San Rafael, CA, for Plaintiff–Appellant.

Alex Tse, Sara Winslow, Esq., USSF—Office of the U.S. Attorney, Dennis J. Mulshine, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: D.W. NELSON, REINHARDT, and BYBEE, Circuit Judges.

## MEMORANDUM **

Victor Podgorney appeals the district court's denial of his request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On January 6, 2004, the district court remanded Podgorney's case for reconsideration by the Social Security Administration. Podgorney timely filed a Rule 59(e) motion to alter or amend the judgment, specifically requesting clarification of the statutory basis for the court's remand order so that he could determine the deadline for filing for attorney's fees under EAJA. In a denial dated February 4, 2004, the district court explained that it had remanded under sentence four of 42 U.S.C. § 405(g) and that it had not "enter[ed] final judgment as to either party."

After the conclusion of the administrative proceedings on remand, Podgorney moved to file an amended complaint, but on November 19, 2004, the district court denied that motion, stating that its "January 6, 2004 remand order acted as a final judgment." Podgorney once again filed a

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Rule 59(e) motion, pointing out the apparent contradiction between the district court's February and November orders. In a denial dated December 2, 2004, the district court acknowledged that its February order was erroneous and that the November order's characterization of the January 6 remand as a final judgment was correct.

Podgorney moved for EAJA fees nineteen days later, on December 21, 2004. The Social Security Commissioner opposed on the grounds that Podgorney's motion was untimely because he failed to file it within thirty days after the judgment became final, which occurred either sixty days after the order denying Podgorney's Rule 59(e) motion was entered on the docket pursuant to FED. R. APP. P. 4(a)(1)(B) and (a)(4)(A) or, because the district court had failed to set forth the judgment on a separate document pursuant to FED.R.CIV.P. 58(a)(1), 210 days after entry of the order pursuant to FED. R.APP. P. 4(a)(7)(A)(ii). The district court denied the motion but declined to address the Commissioner's timeliness argument; instead, the court held that Podgorney was not a prevailing party because he had opposed the Commissioner's motion to remand under sentence four. Podgorney appealed.

We review a district court's denial of a motion for attorney's fees under EAJA for abuse of discretion. *Flores v. Shalala,* 49 F.3d 562, 567 (9th Cir.1995). "[W]here the challenged decision 'is based on an erroneous conclusion of law' the court has committed an abuse of discretion." *Id.* (quoting *Kali v. Bowen,* 854 F.2d 329, 331 (9th Cir.1988)). A party may obtain attorney's fees under EAJA if (1) the plaintiff was a prevailing party, (2) the government took a position in litigation that was not substantially justified, and (3) the fees the plaintiff requests are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Carbonell v. INS,* 429 F.3d 894, 898 (9th Cir.2005).

■ The district court's basis for denying Podgorney's motion was error. It is settled law that a claimant who receives a remand under sentence four is a prevailing party for EAJA purposes. *Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) ("a sentence-four remand ... terminates the litigation with victory for the plaintiff"); *Akopyan v. Barnhart,* 296 F.3d 852, 854 (9th Cir.2002) ("A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."). Podgorney initially moved for summary judgment or, in the alternative, remand under sentence four. That Podgorney then reiterated his request for summary judgment when the Commissioner acknowledged that sentence-four remand was appropriate is of no moment. By granting remand under sentence four, the district court acknowledged that "the agency erred in some respect in reaching a decision to deny benefits." *Akopyan,* 296 F.3d at 854. Though this resolution of the case may not have been Podgorney's favored outcome, it was still a resolution in his favor and still renders him a prevailing party under EAJA.

■ On appeal, the Commissioner acknowledges that the district court erred in holding that Podgorney was not a prevailing party and instead reiterates her argument that his motion was untimely. However, the most plausible reading of the district court's February 4 order stating that its remand order was not a final judgment is that the district court intended to retain jurisdiction over the proceedings on remand. The Supreme Court has noted that retention of jurisdiction after a sentence-four remand is improper but possible. *See Schaefer,* 509 U.S. at 299–300, 113 S.Ct. 2625. In such instances, where the Commissioner fails to object, the Court's prior holding in *Sullivan v. Hud-*

*son,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), controls. *See Schaefer,* 509 U.S. at 300, 113 S.Ct. 2625. *Hudson* held that where the district court retained jurisdiction, albeit improperly, over a case after a sentence-four remand, the plaintiff could seek EAJA fees for the proceedings on remand. 490 U.S. at 892, 109 S.Ct. 2248. It therefore follows that in such cases judgment is not entered for EAJA purposes until the termination of the underlying proceeding.

Here, the Commissioner failed to object to the district court's erroneous retention of jurisdiction. As a result, judgment was not entered at the earliest until December 2, 2004, when the district court clarified that its January 6 remand order was in fact a final judgment. Under any method of calculation, then, Podgorney's application for attorney's fees, filed nineteen days later on December 21, was timely.

Because we hold that Podgorney's motion for attorney's fees was timely filed and that he was a prevailing party for EAJA purposes, we vacate the district court's order denying his motion. Because the district court did not address the question of whether the government's position was substantially justified, we remand to the district court for further proceedings consistent with this opinion.

**VACATED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.