**Steven R. SANCHEZ, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner, Social Security Administration, Defendant—Appellee.**

No. 06–56505.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2008.*

Filed April 16, 2008.

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff–Appellant.

Armand D. Roth, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: CANBY, and BYBEE, Circuit Judges and HUNT,** District Judge.

## MEMORANDUM ***

Steven Sanchez appeals the district court's denial of his motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which followed the remand of Sanchez's

application for disability benefits to the Commissioner of Social Security ("Commissioner") for further proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review a district court's denial of attorneys' fees under the EAJA for an abuse of discretion." *Akopyan v. Barnhart,* 296 F.3d 852, 856 (9th Cir.2002). We affirm.

Sanchez's motion for attorneys' fees under EAJA was untimely because it was not filed until June 21, 2006, more than thirty days after the district court's judgment of remand pursuant to sentence four of 42 U.S.C. § 405(g), which was filed on August 11, 2005, and became final on October 10, 2005. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses...."); *Shalala v. Schaefer,* 509 U.S. 292, 297, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) ("[It is not] possible to argue that the judgment authorized by sentence four, if it includes a remand, does not become a 'final judgment'—as required by § 2412(d)—upon expiration of the time for appeal."); Fed. R.App. P. 4(a)(1)(B) ("When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.").[1]

Sanchez's invocation of the doctrine of equitable tolling is inapposite and does not cure the motion's untimeliness. Even if we assume *arguendo* that the thirty-day deadline for EAJA applications may be

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Federal Rules of Appellate Procedure 34(a)(2).

** The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Neither party filed a motion to reopen the time for filing an appeal under Federal Rule of Appellate Procedure 4(a)(6).

subject to equitable tolling under appropriate circumstances, those circumstances are not present in this case. *Cf. Scarborough v. Principi*, 541 U.S. 401, 421 n. 8, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004) (explicitly reserving the question of the applicability of equitable tolling in an EAJA fees dispute arising out of a disability benefits case). Even if, as she claims, Sanchez's counsel, Stephanie Simpson, did not receive a copy of the district court's judgment filed on August 11, 2005, it is undisputed that she had received the Report and Recommendation filed by the magistrate judge on July 8, 2005. Therefore, she was on notice that the district court might enter judgment in the immediate future. Her failure to periodically check the court's docket to determine whether the district court had filed a judgment amounts "at best [to] a garden variety claim of excusable neglect," which does not entitle her or Sanchez to equitable tolling.[2] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *see also* Fed.R.Civ.P. 77(d)(2) ("Lack of notice of the entry [of judgment or order] does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).").

Finally, the district court did not abuse its discretion in rejecting Sanchez's contention that the Commissioner waived the defense of untimeliness in a telephone conversation between Assistant Regional Counsel Caryn Goot and Simpson that took place on June 15, 2006. Insofar as waiver is concerned, the parties have offered diametrically opposite versions of the June 15, 2006, conversation. In light of the contemporaneous e-mail messages submitted by the government in support of the Commissioner's recollection of the June 15, 2006, conversation, it was not erroneous for the district court to accept the Commissioner's testimony and exhibits, and to resolve the evidentiary conflict in his favor.

**AFFIRMED.**

---

2. The motion of respondent that we take judicial notice of certain material not presented to the district court is denied.

