NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RHONDA JEAN ZUNIGA, | No. 18-15784 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-01678-YGR |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 2, 2019**
San Francisco, California

Before: SILER,*** BYBEE, and R. NELSON, Circuit Judges.

Rhonda Zuniga appeals the district court's decision affirming the

Commissioner of Social Security's denial of Zuniga's application for disability

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

insurance and supplemental security income under Titles II and XVI of the Social Security Act. We review de novo a district court's order affirming the Commissioner's denial of Social Security benefits and set it aside only if the denial of benefits is based on legal error or not supported by substantial evidence in the record. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As a threshold matter, we must decide which issues are properly before us. This inquiry requires us to determine whether the first of Zuniga's two remands from the district court was under sentence four or sentence six of 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("The fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand to the Commissioner of Social Security Administration."). This distinction is significant because a sentence four remand is immediately appealable at the time of remand, while a sentence six remand is not appealable until after the conclusion of the post-remand proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). It is clear from the circumstances of the remand, Zuniga's conduct below, and her submissions to this court and the district court that the remand was under sentence four of § 405(g). Therefore, Zuniga waived any argument not properly before the district court in the case filed after her first remand. Accordingly, we will analyze the three issues she properly presented to this court.

First, Zuniga contends that the administrative law judge (ALJ) erroneously discredited her subjective testimony concerning the severity of her symptoms and limitations. When assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The ALJ first "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)) (internal quotation marks and citations omitted). If the first test is met "and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1036). Here, the ALJ applied the two-step process and determined that while Zuniga's impairments could reasonably be expected to cause the alleged symptoms, her statements regarding the severity and limiting effects of her symptoms were not consistent with the objective medical evidence and her daily activities. *Cf. Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012). Because the ALJ's adverse-credibility determination was supported by specific, clear, and convincing reasons, we uphold it.

Next, Zuniga argues that the ALJ failed to give proper weight to the medical

opinions of Drs. Rubin, Boorstein, and Lee. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotation marks and citation omitted). The ALJ rejected the doctors' opinions because they were not supported by multiple reviewing physicians or objective medical evidence and relied uncritically on Zuniga's self-reporting of the severity of her symptoms and limitations. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1148–49 (9th Cir. 2001). Zuniga's self-reports were undermined by her daily activities and her treating pharmacist's notes, which explained that Zuniga was functioning at a fair level and had cut back on her medication. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may consider many factors in weighing a claimant's credibility, including . . . unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment . . . [and] the claimant's daily activities." (internal quotation marks and citation omitted)). Consequently, the ALJ provided specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinions of Drs. Rubin, Boorstein, and Lee.

Finally, Zuniga claims that the ALJ failed to comply with the district court's mandates after the two remands in this case. More specifically, she asserts that the

ALJ failed to reconcile Drs. Weems's and Dolnak's reports and did not address Dr. Boorstein's medical opinion. The rule of mandate applies to administrative social security cases, and the lower court commits error if it fails to obey the remand order. *Stacy v. Colvin*, 825 F.3d 563, 567–68 (9th Cir. 2016). However, Zuniga's argument is meritless. The ALJ explicitly addressed Dr. Boorstein's medical opinion. And the ALJ reconciled Drs. Weems's and Dolnak's reports by summarizing Dr. Weems's findings, giving her opinion "some weight" as to Zuniga's residual functioning capacity, and explaining that the record as a whole, including Dr. Dolnak's report, did not support Dr. Weems's other findings. Accordingly, we concur with the district court that "the ALJ properly followed [its] instructions on remand."

**AFFIRMED.**

18-15784