John DINUNZIO, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. 99 C 2409.

United States District Court, N.D. Illinois, Eastern Division.

June 16, 2000.

Ashley S. Rose, Law Offices of Ashley S. Rose, Glen Ellyn, IL, for plaintiff.

Sherri Thornton, Assistant United States Attorney, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

MORTON DENLOW, United States Magistrate Judge.

Timing is everything. This case presents the issue of whether Plaintiff timely filed his petition for attorney's fees following an agreed remand of this action to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g). Regrettably, the answer is no.

John Dinunzio ("Plaintiff") brings a Motion to Withdraw Petition for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and a Motion for the Filing of a Rule 58 Judgment. The legal issue presented is whether a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure was entered on January 6, 2000. Plaintiff filed his petition for attorney fees on May 3, 2000, more than 90 days after January 6. If a final judgment was entered on January 6, Plaintiff's fee petition was untimely. If no final judgment was entered on January 6, Plaintiff's fee petition is not late.

On June 7, 2000, the Court conducted oral argument on the motions and announced its ruling from the bench. At the request of the parties, the Court has prepared this memorandum opinion because this is a potentially recurring issue in Social Security cases. Because the Court holds that either a minute order or a draft order remanding the case to the agency for further proceedings meet the requirements of a final judgment under Rule 58, Plaintiff's Motion for the Filing of a Rule 58 Judgment is denied. Furthermore, because Plaintiff's Motion to Withdraw his Petition for Attorney Fees under the EAJA is predicated on the argument that the orders entered on January 6, 2000 were not final judgments under Rule 58, it is also denied. Finally, because Plaintiff's petition for attorney's fees was filed more than ninety days after January 6, 2000, the petition for attorney's fees is denied.

### I. BACKGROUND FACTS

In June 1995, Plaintiff filed for Disability Insurance Benefits under Title II of the Social Security Act after a job-related injury stopped him from working. His application for benefits was denied in a letter from the Commissioner dated August 15, 1995. (R. 59–60). After Plaintiff's request for reconsideration was also denied, he filed a Request for Hearing before an administrative law judge ("ALJ"). In December 1997, the ALJ found that Plaintiff was not disabled. (R. 14–24). After a determination by the Appeals Council that

it would not review the decision of the ALJ, Plaintiff filed a Complaint for Judicial Review in this Court.

Plaintiff filed his Motion to Reverse the Final Decision of the Commissioner on December 9, 1999. On January 3, 2000, the parties filed an Agreed Motion to Enter Judgment Reversing the Agency's Decision with Remand to the Agency for Further Administrative Proceedings, under sentence four of 42 U.S.C. § 405(g). On January 5, 2000, the Court signed a draft Order prepared by the parties and the clerk prepared a minute order granting the parties' agreed motion, which reversed the Commissioner's decision and remanded the case back to the Agency for further proceedings. The draft Order and minute order were entered on the docket on January 6, 2000. Although the orders were docketed, mailed and received by the parties, the orders were inexplicably missing from the court file at the time of the oral argument.[1] They are attached to this opinion as exhibits A and B. On May 3, 2000, Plaintiff filed his Petition for Attorney Fees pursuant to the EAJA. The Commissioner objected on the grounds that the motion was untimely. The Plaintiff now brings a Motion to Withdraw his Petition for Attorney Fees on the grounds that his previous motion for fees was not untimely, but premature, contending that neither order constituted a judgment under Rule 58.

## II. STANDARD FOR ENTITLEMENT TO ATTORNEY'S FEES UNDER THE EAJA

The EAJA directs a court to award attorney fees and other expenses to private parties who prevail in litigation against the United States when three conditions are met. To be entitled to attorney fees under the EAJA, the Court must find that (1) the plaintiff filed his application for fees within the statutory time limit, (2) the plaintiff is the prevailing party, and (3) the government's position during the litigation and the administrative proceedings was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A) and (B). Because the issue in this case rests solely on the statutory time limits of the EAJA, the Court will limit its discussion to this issue.

▮ Under the EAJA, the filing of an application for attorney's fees must occur "within 30 days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The statute defines a final judgment as a "judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). When a judgment is reversed and remanded to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g), "the filing period begins after the final judgment ('affirming, modifying, or reversing' [the judgment]) is entered by the court and the appeal period has run." *Melkonyan v. Sullivan*, 501 U.S. 89, 102, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78. The period for appeal in an action against a federal agency ends sixty days after entry of judgment. FED.R. APP. P. 4(a). Thus the thirty-day time period provided by the EAJA begins to run sixty days after the entry of judgment.

## III. STANDARD FOR FINAL JUDGMENT UNDER RULES 54 AND 58

▮ Rule 54 (a) of the Federal Rules of Civil Procedure sets forth the definition of a judgment. Under Rule 54(a), the term judgment "as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings." FED. R. CIV. P. 54(a). Fed.R.Civ.P. 58(2) sets forth requirements regarding what constitutes a final judgment. Fed.R.Civ.P. 58(2) provides:

> Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon decision by the court that a party

---

**1.** The Court presumes that the orders were either misplaced or misfiled after they were docketed on January 6, 2000 as entry number 13.

shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed by for taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course. FED. R. CIV. P. 58(2).

Accordingly, under both these rules, a final judgment is any order, entered as a separate document on the court's docket, that signifies the end of litigation and begins the period in which an appeal may be brought.

Documents such as draft orders, created by agreement of the parties, and minute orders may satisfy the requirements for final judgment under Rules 54 and 58. The Seventh Circuit has held that the meaning of a judgment "depends on what it says rather than what is in the complaint or what the parties (or judge) intended." *Citizens Electric Corp. v. Bituminous Fire & Marine Insurance Co.*, 68 F.3d 1016, 1021 (7th Cir.1995). In the case of a consent judgment, or an order drafted through cooperation of the parties and then entered by a judge, the same principle applies: the judgment "must be construed as it is written." *U.S. v. ITT Continental Baking Co.*, 420 U.S. 223, 236, 95 S.Ct. 926, 934, 43 L.Ed.2d 148 (1975). Therefore, when the meaning of a consent judgment or draft order entered by the judge clearly indicates that litigation is over, the consent judgment or draft order

constitutes a valid judgment under Rule 54(a). The same analysis applies to minute orders. If the language of a minute order indicates an end to litigation, it constitutes a valid judgment under Rule 54(a).

■ Orders drafted by agreement of the parties and minute orders also constitute final judgments under Rule 58(2). Rule 58 requires the entry of a separate document which lets "the parties (and the appellate court) [know] exactly what has been decided and when." *Reytblatt v. Denton*, 812 F.2d 1042, 1043 (7th Cir.1987). Under Rule 58, a final judgment "is designed to alert the parties and the appellate court when a district court renders a final, appealable order." *Benjamin v. United States*, 833 F.2d 669, 672 (7th Cir. 1987). The Seventh Circuit has determined that a minute order does fulfill the separate document requirement of Rule 58 when it meets two requirements: (1) that the order sets forth a judgment that is "self-contained and complete," and (2) that the order sets forth "the relief to which the prevailing party is entitled." *American Nat. Bank and Trust Co. v. Sec. of Housing and Urban Dev.*, 946 F.2d 1286, 1289 (7th Cir.1991). Therefore, a draft order or a minute order which contain language dismissing the entire action and ending litigation satisfy the separate document requirement of Rule 58 and are considered a final judgment. *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 422 (7th Cir.1998).

The preparation of a separate document is only the first step required before a final judgment is effective. The separate document must also be entered in the docket under the provisions of Rule 79(a). CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 2875 (2d ed.1995). Rule 79(a) requires the clerk of the court to enter the separate document constituting the judgment in the court docket, with a notation that includes the date of the judgment and the essence of what the judgment declares.

FED. R. CIV. P. 79(a). Once these two requirements have been fulfilled, a final judgment under Rule 58 has been effectively entered. Both draft orders and minute orders are presented on separate documents. A draft order is prepared as a separate document; a minute order is created on a specific form. See Exhibits A and B. Both of these orders were entered on the docket on January 6, 2000, with a notation of the date they were entered and a brief explanation of what they contain. Because these orders are set forth on separate documents and entered on the docket in accordance with the provisions of Rule 79(a), both orders constitute a final judgment under Rule 58.

## IV. BECAUSE THE DRAFT ORDER AND THE MINUTE ORDER EACH SATISFIED THE REQUIREMENTS OF RULES 54 AND 58, PLAINTIFF'S PETITION FOR ATTORNEY'S FEES WAS UNTIMELY FILED.

■ On January 6, both the draft order submitted by the parties and a minute order were entered on the docket. The draft order states in relevant part: "...it is therefore ordered that a judgment be entered reversing the Commissioner's decision with remand to the agency for further proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g)." (Ex. B). The minute order states in relevant part: "It is therefore ordered that a judgment is entered reversing the Commissioner's decision with remand to the agency for further proceedings, ..." (Ex. A). Because both orders clearly set forth a judgment that is self-contained and complete and include the relief to which the prevailing party is entitled, they each satisfy the

separate document requirement of Rule 58. Furthermore, because both orders were entered on the docket as item 13 on January 6, 2000, they satisfied the specifications of Rule 79(a), which requires that the clerk of the court keep a docket which records the entry date of the judgment. FED. R.CIV. P. 79(a). Therefore, the final judgment in this case was entered on January 6, 2000. The sixty-day appeal period ended March 6, 2000. FED. R. APP. P. 4(a). Since the EAJA provides a thirty-day period commencing at the end of the appeal period in which to file an application for attorney fees, the Plaintiff was required to file by April 5, 2000. Plaintiff, however, did not file his fee petition until May 3, 2000. Because the minute order was a final judgment under Rule 58 and because Plaintiff's application was not timely filed in light of this final judgment, Plaintiff's Petition for Attorney Fees under the EAJA is denied.

## V. CONCLUSION

An order which sets forth a complete, self-contained judgment and includes the relief to be granted to the prevailing party constitutes a final judgment under Rule 58. Therefore, both the draft order[2] and the minute order entered by the Court on January 5, 2000 and docketed on January 6, 2000 constitute Rule 58 judgments. **Accordingly, 1) Plaintiff's motion to withdraw his petition for EAJA fees is denied; 2) Plaintiff's motion for the filing of a Rule 58 judgment is denied; and 3) Plaintiff's petition for attorney fees is denied.**

---

**2.** In order to avoid similar problems in the future, the Court suggests that draft orders prepared by the parties reversing and remanding cases to the agency be labeled "Judgment Order."

EXHIBIT A

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2409 | **DATE** | 1/5/2000 |
| **CASE TITLE** | John DiNunzio vs. Kenneth Apfel | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Parties agreed motion to enter judgment reversing the agency's decision with remand to the agency for further proceedings is granted. It is therefore ordered that a judgment is entered reversing the Commissioner's decision with remand to the agency for further proceedings, pursuant to the fourth sentence of 42 USC Section 405(g).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/5/2000 | |
| DK | courtroom deputy's initials | | date mailed notice | |
| | | | DK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

EXHIBIT B

### ORDER

This matter comes before the Court on an Agreed Motion to Enter Judgment Reversing the Agency's Decision with Remand to the Agency for Further Proceedings. The Court, having read the Motion and being duly advised now GRANTS said request, and it is THEREFORE ORDERED that a judgment be entered reversing the Commissioner's decision with remand to the agency for further proceed-

ings, pursuant to the fourth sentence of 42 U.S.C. § 405(g).

On remand, an administrative law judge will further evaluate Plaintiff's subjective complaints in accordance with the factors set forth in 20 C.F.R. § 404.1529, and will further consider the reports of Dr. Salvador.