**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HOA HONG VAN,
            *Plaintiff-Appellant,*

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,
            *Defendant-Appellee.*

No. 04-56424

D.C. No.
CV-01-00402-LAB/
AJB

OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
November 15, 2006—Pasadena, California

Filed February 26, 2007

Before: Dorothy W. Nelson, Stephen Reinhardt, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Reinhardt

**COUNSEL**

Alexandra T. Manbeck, San Diego, California, for the plaintiff-appellant.

Peter D. Keisler, Assistant Attorney General, Carol C. Lam, United States Attorney, Janice L. Walli, Regional Chief Counsel, Region IX, John C. Cusker, Assistant Regional Counsel, Social Security Administration, San Francisco, California, for the defendant-appellee.

## OPINION

REINHARDT, Circuit Judge:

**I**

Hoa Hong Van, a successful claimant for Supplemental Security Income ("SSI") benefits, appeals the district court's denial of her application for attorneys' fees as time-barred by the filing provision in the Equal Access to Justice Act ("EAJA" or "the Act"), which requires a party to submit a fee application "within thirty days of final judgment in the action," 28 U.S.C. § 2412(d)(1)(B), and defines "final judgment" as "a judgment that is final and not appealable . . . ." *Id.* § 2412(d)(2)(G). The district court held that because, following a remand under sentence six of 42 U.S.C. § 405(g), the Commissioner of Social Security ("Commissioner") consented to a judgment enforcing the agency's determination in favor of Van, the judgment became "final and not appealable" immediately, requiring Van to file her fee application within 30 days after entry of judgment, rather than 30 days after expiration of the 60-day appeal period provided for in Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure. Because Van filed her fee application 62 days after entry of judgment, the district court denied her application as untimely. *Id.*

In this case, we consider whether in order to be deemed timely under 28 U.S.C. § 2412(d)(1)(B), a Social Security disability claimant who, following a remand under sentence six of 42 U.S.C. § 405(g), obtains a favorable determination from the agency and enforces it in the district court by a judgment to which the government consents must file an application for attorneys' fees under EAJA within 30 days after the entry of judgment, or, whether he may file within 30 days following expiration of the 60-day appeal period provided for by Rule 4(a)(1)(B). We hold that such a claimant, like other successful sentence-six remand claimants, may file within 30 days after

the 60-day appeal period in Rule 4(a) has expired. Thus, we reverse the district court and remand with instructions to consider Van's fee application on the merits.

## II

In January 1999, Van filed an application for SSI benefits. The Social Security Administration ("SSA") denied her application in April 1999, and after a hearing before an Administrative Law Judge ("ALJ") in January 2000, the ALJ denied her claim. In January 2001, the Appeals Council denied Van's request for review of the ALJ's decision, and, in March 2001, Van filed an action in the district court pursuant to 42 U.S.C. § 405(g), challenging the denial of her benefits. Thereafter, in January 2002, she filed a motion for summary judgment, and, in response, in February 2002, the Commissioner filed a motion to remand. On March 27, 2002, the district court denied Van's motion for summary judgment and granted the Commissioner's motion to remand. The district judge subsequently made it clear in an April 16, 2002 order that the March 27 remand was issued pursuant to sentence six of 42 U.S.C. § 405(g). Van appealed the remand order to this court, and we held that we lacked jurisdiction to hear an appeal of a sentence-six remand. *Van v. Barnhart*, 58 Fed. Appx. 766 (9th Cir. 2003).

Following the sentence-six remand, the Appeals Council vacated its earlier decision, and, on June 27, 2003, after considering new evidence, an ALJ awarded benefits to Van. On August 6, 2003, Van filed an ex parte motion in the district court, requesting that the case be reopened and that the district court issue a final judgment. District Judge Napoleon Jones reopened the case on August 14, 2003, and on November 12, 2003, Magistrate Judge Anthony Battaglia directed the Commissioner to file a supplemental transcript of the proceedings conducted before the SSA by December 12, 2003. The Commissioner submitted the supplemental transcript on December 18, 2003, and on January 22, 2004, Van submitted to the court

an ex parte request for a final judgment. On January 28, 2004, the magistrate judge ordered that a judgment be entered, stating that "[p]ursuant to this Court's order of August 14, 2003, and the results of the post-remand proceedings, which have been filed with this court, and which found that Plaintiff has been disabled since January 6, 1999, IT IS HEREBY ORDERED that Judgment in this matter be entered in favor of Plaintiff and against Defendant." Subsequent to the issuance of this order, on February 4, 2004 the Commissioner filed a document with the district court entitled "Consent to Entry of Judgment," which stated that "[b]ecause the Commissioner has awarded benefits to Plaintiff following further proceedings on remand, [the Commissioner] consents to the entry of judgment as proposed by [Van]." On February 6, 2004, District Judge Larry Burns issued an order identical to the one issued nine days earlier by the magistrate judge, and the judgment was entered.

On April 8, 2004, Van filed a motion for attorneys' fees under EAJA with the district court. This filing occurred 62 days after the February 6, 2004 entry of judgment, and 71 days after the January 28, 2004 order. Van requested $18,947.37 in attorneys' fees. The Commissioner opposed the motion and argued, inter alia, that the district court lacked jurisdiction over it because it was untimely. The Commissioner argued that Van was required to file her motion within 30 days after the entry of judgment, because a party cannot generally appeal a consent judgment; she urged that in a case in which the government has so consented, the 30-day period for filing a motion for attorneys' fees under 28 U.S.C. § 2412(d)(1)(B) begins to run immediately upon the district court's entry of final judgment, citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991), and *Slaven v. American Trading Trans. Co.*, 146 F.3d 1066, 1070 (9th Cir. 1998). According to the Commissioner, neither party could appeal the judgment, the judgment was "not appealable" and, as a result, the 30-day period to file for EAJA fees commenced immediately upon entry of the judgment.

The district court agreed with the Commissioner's argument that Van was required to file her motion for attorneys' fees within 30 days after entry of the judgment,[1] and held that Van's motion was untimely because it was filed 62 days after the February 6, 2004 entry of judgment. Accordingly, it denied her EAJA application as time-barred in a written order filed August 4, 2004.[2] Thereafter, Van filed a timely appeal with this court. We have jurisdiction under 28 U.S.C. § 1291.

On appeal, Van asserts that her motion for attorneys' fees was timely filed, because the 30-day period in § 2412(d)(1)(B) did not begin to run until 60 days after entry of the judgment, and she filed 62 days after entry — just two days into the 30-day period. Van argues that under *Melkonyan* and *Shalala v. Schaefer*, 509 U.S. 292 (1993), when a Social Security disability claimant's case is remanded pursuant to sentence six of 42 U.S.C. § 405(g), and she subsequently obtains a district court judgment enforcing a favorable agency determination, the 30-day filing period does not begin to run until the 60-day appeal period provided for in Rule 4(a)(1)(B) has expired, whether or not the government has consented to the judgment. *See* Fed. R. App. P. 4(a)(1)(B). Relying in part on the legislative history of EAJA, Van asserts that the regular statutory filing period, which includes the 60-day appeal

---

[1]The district court explained that "[n]o reservation of the right to appeal accompanied the Defendant's consent to entry of the judgment. The Court finds the judgment entered was accordingly not appealable. *Slaven*, 146 F.3d at 1070."

[2]We note that the district court correctly held that it had subject matter jurisdiction over Van's fee application, even if it was untimely filed. After *Scarborough v. Principi*, 541 U.S. 401 (2004), § 2412(d)(1)(B)'s 30-day filing requirement is no longer considered jurisdictional. *Scarborough*, 541 U.S. at 413-14 (stating that § 2412(d)(1)(B)'s "30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.' "); *Zheng v. Ashcroft*, 383 F.3d 919, 922 n.5 (9th Cir. 2004) ("The Supreme Court has recently instructed us to avoid the phrase 'jurisdictional' " in the context of "our adherence to the EAJA's timely filing requirement.") (citing *Scarborough*, 541 U.S. at 413-14).

period, is unaffected by the Commissioner's consent to a judgment that follows a remand under sentence six.

## III

We review for an abuse of discretion a district court's denial of attorneys' fees under EAJA, but an error of law constitutes an abuse of discretion. *Akopyan v. Barnhart*, 296 F.3d 852, 856 (9th Cir. 2002) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)).

## IV

**[1]** "The Equal Access to Justice Act (EAJA or Act) departs from the general rule that each party to a lawsuit pays his or her own legal fees." *Scarborough*, 541 U.S. at 404-05 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975)). Under EAJA, "[a] party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses[,]" *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995), but not when the "court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

**[2]** EAJA, however, limits the time during which a claimant may file a fee application. *See id*. § 2412(d)(1)(B). Under § 2412(d)(1)(B), "[a] party seeking an award of fees and other expenses shall, within thirty days of *final judgment* in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . ." *Id.* (emphasis added). Section 2412(d)(2)(G), in turn, provides that " 'final judgment' means a judgment that is final and not appealable . . . ." *Id.* As a result, in order to be timely, a party seeking attorneys' fees must file his application within 30 days after a "judgment that is final and not appealable." *Id*.

The applicable statutory provisions are contained in EAJA as re-enacted in 1985. Equal Access to Justice Act, Extension and Amendment, Pub. L. No. 99-80, § 2(c)(2)(G), 99 Stat. 183, 185 (1985).

In this case, we must first examine the law, as it has thus far been established, regarding when a judgment enforcing an agency determination favorable to a Social Security disability claimant, following a remand under sentence six of 42 U.S.C. § 405(g), constitutes a "final judgment," or, more specifically, a "judgment that is final and not appealable . . . ." 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(G). We must then determine whether a different rule applies in cases in which the government consents to the entry of the judgment. In construing the applicable statutory provisions, our "objective is to ascertain the intent of Congress in enacting [them] and give effect to the legislative will." *United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005). Accordingly, if the plain language of § 2412(d) "renders its meaning reasonably clear, the court will not investigate further unless its 'application leads to unreasonable or impracticable results.' " *Id.* (quoting *United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999)). Because here the statute is ambiguous, and because judicial decisions have previously considered the pertinent language and the legislative history behind it, we rely primarily on prior decisions interpreting these terms as well as the relevant legislative history. *See Al-Harbi v. INS*, 284 F.3d 1080, 1082-84 (9th Cir. 2002) (discussing the legislative history behind the 1985 re-enactment of EAJA and stating that "under this statutory language, there is more than one plausible interpretation of 'final judgment.' ") (citation omitted); *see also Melkonyan*, 501 U.S. at 95-96 (consulting the legislative history behind § 2412(d) to determine when a "final judgment" occurs under EAJA). In particular, we review two Supreme Court decisions issued subsequent to EAJA's 1985 re-enactment that interpret the term "final and not appealable" in Social Security disability cases involving remands under 42 U.S.C. § 405(g), *Melkonyan*, 501 U.S. at 101-02, and *Schaefer*, 509 U.S. at

298. We also examine pertinent circuit court decisions interpreting § 2412(d) and the relevant legislative history of the Act.

[3] Before discussing *Melkonyan* and *Schaefer*, however, we briefly review the statutory authority for both judicial review and remands in Social Security cases. Pursuant to 42 U.S.C. § 405(g), an individual may seek judicial review in the district court "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party[.]" *Id.* Once a claimant brings an action under § 405(g), the district court may remand to the Commissioner of Social Security Administration only under sentence four[3] or sentence six[4] of § 405(g). *Akopyan*, 296 F.3d at 854 (citing *Schaefer*, 509 U.S. at 296; *Melkonyan*, 501 U.S. at 99-100). A remand under sentence four is "essentially a determination that the agency erred in some respect in reaching a decision to deny

---

[3]Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

[4]Sentence six of § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision."

benefits[,]" *id.* (citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)), whereas a remand under sentence six can be ordered only in two particular instances: "where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Id.* at 854-55 (citing *Schaefer*, 509 U.S. at 297 n.2).

**V**

In *Melkonyan*, the Supreme Court interpreted EAJA in the context of a Social Security action, and explained that in 1985, when Congress reenacted § 2412(d)(1)(B), it adopted an "unusual" definition of "final judgment" in order to resolve a circuit split between this court and the Seventh Circuit regarding whether the 30-day period in § 2412(d)(1)(B) begins to run when a judgment is entered *or* only after the appeal period has run. 501 U.S. at 95-96.

Congress opted for the latter approach, the more liberal rule that had been adopted by the Seventh Circuit. The Court stated that

> [a]s for why Congress added the unusual definition of "final judgment," the answer is clear. "The definition . . . was added in 1985 to resolve a conflict in the lower courts on the question whether a 'judgment' was to be regarded as 'final' for EAJA purposes when it was entered, or only when the period for taking an appeal had lapsed." Brief for Respondent 20 (footnote omitted). The Ninth Circuit had held that the 30-day EAJA filing period began to run when the district court entered judgment. *McQuiston v. Marsh*, 707 F.2d 1082, 1085 (1983). The Seventh Circuit rejected this view, holding that the EAJA filing period should be deemed to begin only after the time for taking an appeal from the district court judgment had expired. *McDonald v. Schweiker*, 726

> F.2d 311, 314 (1983). . . . Congress responded to this split in the federal courts by explicitly adopting and ratifying the *McDonald* approach. S.Rep. No. 98-586, p. 16 (1984) ("The Committee believes that the interpretation of the court in [*McDonald* ] is the correct one"). *See also* H.R.Rep. No. 98-992, p.14 (1984) ("The term 'final judgment' has been clarified to mean a judgment the time to appeal which has expired for all parties"); H.R.Rep. No. 99-120, p. 18 (1985).

*Id.*; *see also* H.R. Rep. No. 99-120, at 18 n.26 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 146 n. 26 (stating that "the term 'final judgment' has been clarified to mean a judgment that is final and not appealable," and specifying that when a district court judgment is not appealed by the government, "the thirty-day period would begin to run upon expiration of the time for filing the notice of appeal").

In *McDonald*, the Seventh Circuit, in an opinion authored by Judge Posner, had reasoned that the "practical consequences" that would flow from requiring a fee application to be filed within 30 days of judgment necessitated interpreting EAJA's 30-day period as beginning after the period for appeal had expired. 726 F.2d at 314. Otherwise, as Judge Posner wrote, some applicants might be compelled to file multiple costly fee applications or file applications prior to when the fees were fully ascertainable following the appellate proceedings. *Id.* Moreover, requiring a fee applicant to file an application before the government could file its own appeal would serve as a "perverse weapon for discouraging meritorious fee applications[,]" because the government might appeal the underlying judgment if it learned that the fees were significant. *Id.* at 315. This would create a dilemma for claimants considering whether to file a fee application, which the "framers of [EAJA] could not have meant to create . . . when they used the words 'final judgment' . . . ." *Id.*

With these adverse practical consequences in mind, Congress ratified the *McDonald* approach in the 1985 reenactment of EAJA, and expressed similar reasons to those stated by the *McDonald* court for adopting the "final and not appealable" language. *See Adams v. SEC*, 287 F.3d 183, 190 (D.C. Cir. 2002) ("That Congress adopted the *McDonald* approach for applications in judicial proceedings under § 2412 suggests that Congress also agreed with the court's underlying reasoning . . . ."). For instance, a House Report stated that "[b]y adopting the [Seventh Circuit's] interpretation," the amendment will "give both courts and litigants clear guidance on what is expected and avoid the unnecessary confusion which accompanied this issue in the past." H.R. Rep. No. 99-120, at 7 (1985).

**[4]** In addition to explaining the origin of the term "final judgment" in § 2412(d)(1)(B), the *Melkonyan* Court clarified how this term applies in the context of the two types of remands of Social Security cases under 42 U.S.C. § 405(g). Because the *Melkonyan* Court was uncertain whether the district court had intended to issue a sentence-four remand or a sentence-six remand, it stated when the judgment would become a "final judgment" for the purpose of § 2412(d)(1)(B) in each instance. In sentence-four remands, the Court concluded, "the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and *the appeal period has run*, so that the judgment is no longer appealable. *See* § 2412(d)(2)(G)." *Melkonyan*, 501 U.S. at 102 (emphasis added). In sentence six cases, the Court said, "the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and *the appeal period runs*." *Id.* (emphasis added); *accord Akopyan*, 296 F.3d at 855 (citing *Melkonyan*, 501 U.S. at 102).

**[5]** As a result of this formulation by the Supreme Court, although the timing of a fee application following a sentence-six remand differs from that of a fee application following a

sentence-four remand, it does so primarily because the former may only be filed after the completion of the post-remand proceedings and a return to the district court to enter a judgment. *Melkonyan*, 501 U.S. at 102; *Flores*, 49 F.3d at 568. Once the requisite judgment is entered, however, the timing is identical in both types of cases, in that in both the claimant must file within 30 days after the *appeal period* provided for in Rule 4(a) has run. *See Melkonyan*, 501 U.S. at 102; *Schaefer*, 509 U.S. at 298, 302; *Akopyan*, 296 F.3d at 857; *Yang v. Shalala*, 22 F.3d 213, 215-16 (9th Cir. 1994). Because the prescribed appeal period in Rule 4(a) for cases in which the United States is a party is 60 days, Fed. R. App. P. 4(a)(1)(B), a judgment in an SSI case is "no longer appealable" or "not appealable" when the 60-day post-judgment appeal period has run. *See Melkonyan*, 501 U.S. at 102; *accord Barry v. Bowen*, 825 F.2d 1324, 1327 (9th Cir. 1987) ("The judgment is final when it is no longer appealable, 28 U.S.C. § 2412(d)(2)(G), and this occurs when the government's sixty-day period in which to appeal has elapsed, *see* Fed. R. App. P. Rule 4(a)(1)."). *Melkonyan* neither set forth nor implied the existence of any exceptions to its rule.

## VI

The government asserts, nevertheless, that a different rule applies when it consents to the entry of a judgment favorable to an SSI claimant. In such a case, it contends, there is no appeal period, and the 30 days begins to run immediately upon the entry of judgment rather than upon the expiration of the 60-day appeal period provided for in Rule 4(a). We reject this contention, and hold that the 60-day appeal period applies whether or not the government consents to the judgment.

We begin our analysis of the government's argument by examining *Melkonyan* further. Notably, the *Melkonyan* Court stated that, for sentence-six remands, the filing period begins after the "appeal period runs[,]" despite the fact that the Court had already recognized that on remand the agency had found

the "petitioner disabled" and had "granted petitioner all the relief he had initially requested." 501 U.S. at 92, 102. Moreover, despite knowing that the Commissioner had awarded the benefits and would, therefore, in all likelihood consent to a judgment for Melkonyan in the district court, the Court concluded its opinion by stating that if "this was a sentence six remand . . . petitioner can easily reapply for EAJA fees following the District Court's entry of a *final judgment*." *Id.* at 103 (emphasis added). The Court did not qualify this statement with any suggestion that, should the Commissioner formally consent to the award of the relief the agency had ordered, the entry of the judgment granting benefits would, in direct contravention of the rule it had just announced, constitute a "final judgment" *before* Rule 4(a)'s 60-day "appeal period runs." *Id.* at 102-103.

**[6]** We recognize that attorneys' fees are frequently sought in sentence-six remand cases when the Commissioner has, upon remand, awarded benefits to the disabled claimant, and that attorneys' fees are not sought in cases in which the claimant is ultimately unsuccessful. We also recognize that in the former category of cases the Commissioner ordinarily has little reason to object to the judgment. In light of the Court's failure to distinguish between district court judgments favorable to the claimant to which the government formally consents, and those to which it merely fails to object (or even those to which it may for some reason object), we read *Melkonyan* as adopting a uniform approach to all favorable judgments that follow sentence-six remands. Thus, under *Melkonyan*, a successful disability applicant may file for attorneys' fees 30 days after the 60-day appeal period provided for in Rule 4(a) has run, regardless of the specific form of the court's judgment, or the particular nature of the government's non-opposition to or acquiescence in an award of benefits. Such a uniform approach is consistent with the intent of Congress, as evidenced by the House Report — the same report cited in *Melkonyan* — which stated that "by adopting the [ ] interpretation" that "a judgment [is] final . . . when the

time to appeal had run," it "will give both courts and litigants clear guidance on what is expected and avoid the unnecessary confusion which accompanied this issue in the past." H.R. Rep. No. 99-120, at 7 (1985). Under a uniform approach, litigants will have "clear guidance on what is expected," *id.*, removing any uncertainty or confusion about the appropriate date to file fee applications following sentence-six remands. Further, a uniform approach to judgments following post-sentence-six remands "avoid[s] an overly technical construction of these terms[,]" and ensures that the definition of "final judgment" is not "used as a trap for the unwary resulting in the unwarranted denial of fees." *Id.* at 18 n.26.

We previously made this very point in *Al-Harbi*, where we stated that "[W]hen Congress re-enacted the EAJA in 1985, it sought to clarify its intent by defining final judgment in a manner that would avoid the 'overly technical' approach previously taken by some courts." *Al-Harbi*, 284 F.3d at 1084 (internal quotation and citation omitted); *see also id.* (citing H.R. Rep. No. 99-120, at 18 n. 26 ("This section should not be used as a trap for the unwary resulting in the unwarranted denial of fees"); *Myers v. Sullivan*, 916 F.2d 659, 668 (11th Cir. 1990) (finding that the 30-day requirement "should be interpreted broadly and that overtechnical constructions of the requirement should be avoided.")); *Adams*, 287 F.3d at 190-91 ("Realization of [the purpose of EAJA] necessarily requires an interpretation of the procedural requirements of EAJA in a manner that is not unduly confusing or misleading so that they are not a 'trap for the unwary.' ") (quoting *Myers*, 916 F.2d at 670).

**[7]** Contrary to the government's argument, the fact that it has consented to a judgment following a sentence-six-remand does not necessarily mean that the judgment is "not appealable." § 2412(d)(2)(G). As the government acknowledges, there are exceptions to the rule that consent judgments are not subject to appeal.[5] Given that some consent judgments may in

---

[5]"In general, a party cannot appeal a judgment entered with its consent." *Slaven v. American Trading Transp. Co.*, 146 F.3d 1066, 1070 (9th Cir.

fact be appealed, a claimant cannot know with certainty that the Commissioner will not file a notice of appeal in his case until the 60-day appeal period has ended; nor can the claimant be certain that the Commissioner will not decide to invoke one of the existing exceptions to the general rule, or ask the

---

1998); *see also U.A. Local 342 Apprenticeship & Training Trust v. Babcock & Wilcox Constr. Co.*, 396 F.3d 1056, 1058 (9th Cir. 2005) (citing *Slaven*, 146 F.3d at 1070). There are, however, several exceptions to this general rule of non-appealability, including: (1) where there was no actual consent; (2) where the district "court lacked subject matter jurisdiction to enter the judgment[,]" *Tapper v. Commissioner*, 766 F.2d 401, 403 (9th Cir. 1985); and (3) where a party " 'intended to preserve its right of appeal,' " *U.A. Local 342*, 396 F.3d at 1058 (quoting *Christian Sci. Reading Room Jointly Maintained v. City & County of S.F.*, 784 F.2d 1010, 1017 (9th Cir. 1986)), or "specifically preserves its right to appeal." *Slaven*, 146 F.3d at 1070. Furthermore, when the Commissioner has opposed a sentence-six remand, an interlocutory order, and then subsequently returns to the district court, she may wish to challenge the prior order after an appealable judgment has been entered. *Myers*, 916 F.2d at 673 ("The fact that the Secretary, under the compulsion of the district court's remand order, arrived at a new decision, need not change the fact that the Secretary might believe the first remand decision was erroneous. Under general legal principles, earlier interlocutory orders merge into the final judgment, and a party may appeal the latter to assert error in the earlier interlocutory order. . . . [W]e find it entirely reasonable for a claimant to believe that the Secretary, having finally obtained an appealable judgment of the district court, might seek to obtain review of the district court's earlier remand order.") (citations omitted). Indeed, when Van appealed the sentence-six remand order to this court, we accepted, in an unpublished memorandum disposition, the government's argument that "the district court's order was not final because it [was] remanded [ ] under sentence six." *Van*, 58 Fed. Appx. 766; *see also* Brief of Appellee at 6, *Van v. Barnhart*, 58 Fed. Appx. 766 (9th Cir. Sept. 30, 2002) ("[A] sentence six remand is considered interlocutory and non-appealable, because the district court retains jurisdiction over the action pending further development and consideration by the ALJ.") (citing *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999)). If the Commissioner has no objection to the agency determination other than her contention that the sentence-six remand was improper, she may have no reason to object to entry of the judgment and may indeed welcome it as a necessary step toward bringing her previously barred appeal to the circuit court.

court to create a new one. Thus, under the case-specific approach advocated by the Commissioner — asking *post hoc* whether the judgment obtained by the specific litigant was appealable when it was entered — Social Security disability litigants who obtain judgments to which the government consents following sentence-six remands would be subject to the very uncertainty as to whether the Commissioner may or could appeal — and as to when the 30 days begins to run — that Congress and this court so assiduously sought to avoid.

If we were to adopt the government's case-specific approach to sentence-six cases, we would be encouraging the very type of "unnecessary confusion which accompanied this issue in the past[,]" H.R. Rep. No. 99-120, at 7 (1985), and would revive the concerns raised by the Seventh Circuit in *McDonald* — the same concerns that prompted Congress to amend the definition of "final judgment" to avoid entrapping unwary fee applicants. *Id.* at 18 n.26; S. Rep. 98-586, at 16 (1984); *accord Adams*, 287 F.3d at 191 (concluding that a "case-specific approach [ ] constitutes" the type of "trap" that Congress intended the courts to avoid when interpreting EAJA, and stating that it "would pointlessly leave considerable uncertainty about when EAJA's 30 day deadline would expire and result in an unworkable rule"); *Scafar Contracting, Inc. v. Secretary of Labor*, 325 F.3d 422, 431 (3rd Cir. 2003) (following *Adams* and stating that requiring the filing of a fee application before the agency could appeal would "breathe life into the hypothetical problems and concerns earlier expressed by this Court and others over the proper interpretation of § 2412's 'final judgment' in the context of [5 U.S.C.] § 504.").

**[8]** Finally, we conclude that a uniform rule governing judgments that follow sentence-six remands comports with our recent statement that we " 'construe[ ] the Act's definition of "final judgment" as designating the date' " when " 'there is no longer any possibility that the district court's judgment is open to attack.' " *Al-Harbi*, 284 F.3d at 1084 (quoting

*Myers*, 916 F.2d at 669). Where there is a potential for either party to appeal a particular type of judgment under the relevant statute that designates the time to appeal, there is a "*possibility* that the district court's judgment is open to attack" during the period provided for in the statute. *Al-Harbi*, 284 F.3d at 1084 (emphasis added) (quoting *Myers*, 916 F.2d at 669); *accord Adams*, 287 F.3d at 191. Even if a court determining the timeliness of an EAJA fee application could have reasonably concluded at the outset of the appeal period that the particular judgment would not be appealable, the mere fact that there was a potential for the *type* of judgment to be appealed under the relevant statute means that — at least from the standpoint of the claimant — there was a possibility that the judgment was "open to attack" during the appeal period. *Al-Harbi*, 284 F.3d at 1084. Because, in a number of circumstances, there is a potential for a party to appeal a judgment to which it consented, *see U.A. Local 342*, 396 F.3d at 1058; *Slaven*, 146 F.3d at 1070; *Tapper*, 766 F.2d at 403, there is a "possibility" with respect to any such individual judgment that it "is open to attack" during the 60-day appeal period provided for in Rule 4(a). *Al-Harbi*, 284 F.3d at 1084. Accordingly, the 30-day filing period for all such judgments does not begin to run until the 60-day period in Rule 4(a) has actually lapsed, or, until an appeal has been completed, thereby eliminating "any possibility" that a party could institute a further attack upon the particular judgment. *Id.*

## VII

Not only do *Melkonyan* and the legislative history of § 2412(d)(1)(B) dictate the use of a uniform rule in the case of judgments that follow sentence-six remands, but the Court's subsequent decision in *Schaefer* and our decisions interpreting § 2412(d)(1)(B) in the context of sentence-four remands also support that same conclusion. Two years after *Melkonyan*, the Supreme Court again addressed the question of when a "final judgment" occurs under § 2412(d)(1)(B), this time in a sentence-four remand case, *Shalala v. Schaefer*, 509

U.S. 292 (1993). In *Schaefer*, when considering the rule to be applied to sentence four cases, the Court reiterated — without qualification — that "[w]e described the law with complete accuracy in *Melkonyan*, when we said . . . [that] '[i]n sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and *the appeal period runs*.' " *Id.* at 298 (emphasis added) (quoting *Melkonyan*, 501 U.S. at 102). Later in the opinion, when determining whether a fee application that followed a sentence-four remand was timely, the *Schaefer* Court stated that "[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended[,]" *id.* at 302 (citing §§ 2412(d)(1)(B), 2412(d)(2)(G); *Melkonyan*, 501 U.S. at 102), and then explained that the time for appeal is determined by Rule 4(a) of the Federal Rules of Appellate Procedure. *Id.*[6]

As in *Melkonyan*, *Schaefer* concluded that for sentence six and sentence four cases the filing period begins after the appeal period runs, *id.* at 298 (citing *Melkonyan*, 501 U.S. at 102); *id.* at 302-03, again without suggesting that only in cases in which the Commissioner opposes the judgment does a fee applicant receive the benefit of the 60-day appeal period. Indeed, several courts, including this court, have applied *Schaefer*'s holding that an EAJA application may be filed within 30 days after the 60-day period provided for in Rule 4(a) in cases in which both the claimant and the Commissioner have consented to the entry of a judgment of a sentence-four remand. *See Akopyan*, 296 F.3d at 856-57.[7] In

---

[6]In *Schaefer*, the district court had not yet entered the judgment in a separate document, as required by Federal Rule of Civil Procedure 58. 509 U.S. at 302-03. Accordingly, the judgment remained appealable and the EAJA application was timely, given that "EAJA's 30-day time limit runs from the *end* of the period for appeal, not the *beginning*." *Id.* at 303 (emphasis in original).

[7]*See also Dinunzio v. Apfel*, 101 F. Supp. 2d 1028, 1030, 1032 (N.D. Ill. 2000); *Luna v. Apfel*, 986 F. Supp. 275, 279 (D.N.J. 1997) (holding

*Akopyan*, although both parties had stipulated to a sentence-four remand order,[8] we concluded that the claimant had the benefit of the entire 60-day appeal period in Rule 4(a), plus the 30-day period in § 2412(d)(1)(B), to file a timely EAJA application. *Akopyan*, 296 F.3d at 856-57 ("Because this sentence four remand was a final judgment in the case, the time frame for Akopyan to file his petition for attorneys' fees began to run upon expiration of the 60 day appeal period.") (citing *Schaefer*, 509 U.S. at 302).

*Akopyan* differs from the case at hand because the judgment at issue in *Akopyan* was a sentence-four remand order, and the judgment at issue here is a judgment awarding benefits to which the Commissioner consented following a sentence-six remand. Yet, significantly, both cases involve judgments to which the government had consented but which were still potentially appealable to this court, under the exceptions discussed earlier. We see no reason to interpret a judg-

---

that because a consent judgment ordering a sentence-four remand remained appealable for 60 days after the entry of judgment, EAJA's "thirty-day [filing] period does not commence on the date of entry of the consent judgment"); *Christian v. Apfel*, No. 96-7766, 1998 U.S. Dist. LEXIS 11564, at *6 (S.D.N.Y. July 29, 1998) (following *Luna* and holding timely an EAJA fee application that was filed shortly before 90 days had elapsed after the entry of judgment of a sentence-four remand to which the parties had consented).

[8]In *Akopyan*, the claimant was denied SSI benefits, but upon judicial review the district court ordered a sentence-six remand, and again the claimant was denied benefits. *Id.* at 855. The claimant then brought an action in the district court, which issued a sentence-*four* remand on June 4, 1998 pursuant to a stipulation signed by counsel of both parties and the court. *Id.* at 855-56. On remand, in February 2000, an ALJ awarded Akopyan benefits, but Akopyan did not file his petition for attorneys' fees under EAJA until February 2001. *Id.* at 855. The district court determined that Akopyan's application was time-barred, and we affirmed, because Akopyan had not filed his application by September 2, 1998 or 90 days after the district court's sentence-four remand order to which *both* parties had stipulated. *Id.* at 855, 857-58.

ment to which the government consented in a sentence-six remand case differently than a judgment entered with the government's consent in a sentence-four remand case. Nor does the government suggest how the instant case is distinguishable from *Akopyan*, in which it urged us to commence EAJA's 30-day filing period following the 60-day appeal period, although it had consented to the judgment ordering a remand.

Our conclusion is consistent with the approach followed by the D.C. Circuit in *Adams*. 287 F.3d at 191. In *Adams*, the D.C. Circuit rejected a case-specific rule such as is advocated by the government here — a rule that would require a determination of the "appealability" of the specific judgment obtained by the fee applicant. *Id*. at 191. Instead, the D.C. Circuit adopted a "bright-line rule" that simply entails "looking at the category of order in question and the applicable law of appealability." *Id.* Thus, "[w]hen a potential appeal exists under the relevant statute, the time for appeal must lapse or the appeal be completed, before the 30-day deadline begins to run." *Id.* (citing *Myers*, 916 F.2d at 671-72, 674). As the D.C. Circuit said, the benefit of the rule is that it "eliminates the high potential for confusion resulting from determining 'appealability' on a case-by-case basis and appropriately avoids the practical problems that the Seventh Circuit described [in *McDonald*]." *Id.*; *accord Scafar*, 325 F.3d at 431. Because, as discussed above, under the exceptions to the general rule, there is a potential for cases in the category of order — consent judgments — to be appealed during the 60-day appeal period, EAJA's 30-day filing period does not begin to run under the bright-line rule until that 60-day period "lapse[s] or the appeal [is] completed." *Adams*, 287 F.3d at 191.

## VIII

**[9]** In sum, *Melkonyan* and *Schaefer*, the decisions of this and other circuits, and the legislative history of § 2412(d) dic-

tate the conclusion that EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Rule 4(a) has lapsed, even when the Commissioner of Social Security Administration, following a sentence-six remand, has awarded benefits to a claimant who then obtains a judgment to which the Commissioner consents in the district court. We reject the government's suggested case-specific rule for determining when a judgment is "not appealable" under § 2412(d)(2)(G). Because there is a potential for consent judgments to be appealed, such a rule would leave fee applicants uncertain as to when to file and would revive the very confusion and difficulties that Congress sought to eliminate when it re-enacted EAJA in 1985. Because Van's fee application was filed only two days after the 60-day period expired, it fell well within the 30-day filing period. Accordingly, we hold that the district court erred in denying Van's fee application as untimely. We therefore remand to the district court to consider Van's fee application on the merits.

Reversed and Remanded.