**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON E. DEOCAMPO, | No. 12-16116 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03076-EFB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Submitted January 16, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, GRABER, and NGUYEN, Circuit Judges.

Jason DeOcampo appeals from the district court's grant of summary

judgment to the Commissioner of Social Security. The administrative law judge

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

(ALJ) denied DeOcampo's application for supplemental security income, and the Appeals Council declined to reopen DeOcampo's case.

DeOcampo argues that a Department of Veterans Affairs (VA) disability rating—issued after the ALJ's decision—constitutes new and material evidence requiring a remand for a hearing before the ALJ. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007). DeOcampo has failed to show that there is a "reasonable possibility" that, had the ALJ considered the VA rating, the result of the proceedings would have been different. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Although DeOcampo claims that the ALJ confused his encounter with police with the alleged shooting of his cousin, the VA's decision does not distinguish between these two events. Moreover, before the district court, DeOcampo conceded that the VA's decision was based on the same medical information presented to the ALJ, and he is bound by those concessions. *See Reynoso v. Giurbino*, 462 F.3d 1099, 1110 (9th Cir. 2006).

DeOcampo's argument that *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010), requires a remand in this case is similarly unavailing. *Luna* was concerned with conflicting disability determinations within the *same* agency, *id.* at 1034, whereas DeOcampo's case presents different disability decisions by *different* agencies. *Luna* is inapposite.

2

DeOcampo also contends that *Valentine v. Commissioner Social Security Administration*, 574 F.3d 685 (9th Cir. 2009), requires the ALJ, in particular, to consider the VA's rating, regardless of when the VA issued its decision. But neither *Valentine* nor this circuit's related precedents require the ALJ—as opposed to the Appeals Council—to consider a VA rating issued *after* the ALJ's decision, and the Appeals Council did consider the VA rating in this case. In sum, DeOcampo has not shown that the agency's decision lacked substantial evidence or contained legal error. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

Because DeOcampo failed to raise his remaining arguments before the district court, they are waived. *Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000). We deny his requests for judicial notice as moot.

**AFFIRMED.**