**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIZABETH ISHAM, | No.    19-36076 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05245-MLP |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted March 5, 2021**
Seattle, Washington

Before:  RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,*** Senior
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Morrison C. England, Jr., Senior United States District
Judge for the Eastern District of California, sitting by designation.

Elizabeth Isham (Isham) appeals the district court's decision affirming the Commissioner of Social Security's denial of Isham's application for disability insurance benefits.

**1.** The Administrative Law Judge (ALJ) considered the medical opinion of Isham's treating physician, who opined that Isham had severe limitations in sitting, standing, handling, fingering, and reaching. Although the ALJ agreed that Isham could only perform sedentary work, the ALJ did not give the treating physician's opinion on Isham's physical limitations controlling weight because his opinion was unsupported by the record. *See Coleman v. Saul*, 979 F.3d 751, 757 (9th Cir. 2020) (holding that ALJ did not err in discounting opinions of treating physicians that were not supported by the record).

**2.** Substantial evidence also supports the ALJ's discounting of Isham's subjective complaints of pain. *See Coleman*, 979 F.3d at 755 (applying substantial evidence standard). The ALJ considered Isham's allegations regarding the limitations caused by pain from her severe impairments, which center around degenerative disc disease. The ALJ found that although the impairments could cause Isham's symptoms, the objective medical evidence—MRIs and an x-ray, treatment notes, and conservative course of treatment—did not support the asserted limitations. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (affirming

2

discounting of pain testimony from degenerative disc disease in light of objective medical evidence); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (deeming permissible ALJ's inference that "pain was not as all-disabling as [the petitioner] reported" given his conservative treatment).  Nonetheless, the ALJ limited Isham to sedentary work.

3.      Finally, the ALJ took into account the testimony from Isham's husband, who outlined Isham's daily limitations.  The ALJ gave the testimony little weight because it was inconsistent with the objective medical evidence.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (explaining that an "ALJ need only give germane reasons for discrediting the testimony of lay witnesses" and "[i]nconsistency with medical evidence is one such reason") (citation omitted).

4.      Isham has not established good cause for a sentence six remand. *See Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001), *as amended* ("A claimant does not meet the good cause requirement [for a sentence six remand] by merely obtaining a more favorable report once his or her claim has been denied.").  Nor is a sentence four remand warranted, because the agency did not err in denying benefits.  *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007).

**AFFIRMED**.