NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHURCH OF THE EAGLE AND THE
CONDOR, et al.,

          Plaintiffs-Appellants,

 v.

PAMELA J. BONDI, Attorney General, et
al.,

          Defendants - Appellees.

No. 25-1196

D.C. No.
2:22-cv-01004-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted January 6, 2026
Phoenix, Arizona

Before: HAWKINS, RAWLINSON, and M. SMITH, JR., Circuit Judges.
Partial Concurrence and Partial Dissent by Judge HAWKINS.

    The Church of the Eagle and the Condor (CEC), Joseph Tafur, Belinda

Eriacho, Kewal Wright, Benjaman Sullivan, and Joseph Bellus (collectively,

Plaintiffs-Appellants) appeal from the district court's order denying their Motion

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

for Award of Attorneys' Fees and Related Non-Taxable Expenses (Motion for Attorneys' Fees), as well as their Motion to Incorporate Settlement Agreement in Order and for Retention of Jurisdiction (Motion to Incorporate). Plaintiffs-Appellants also appeal from the district court's *sua sponte* dismissal. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

In their ceremonies, the CEC and its members utilize ayahuasca, a tea containing a Schedule I controlled substance. In 2020, a delivery of ayahuasca to the CEC was intercepted and seized by U.S. Customs and Border Protection. Following the seizure, Plaintiffs-Appellants filed an action asserting claims under the Religious Freedom Restoration Act, First Amendment, Fifth Amendment, Ninth Amendment, and Freedom of Information Act. After some negotiation, the parties filed a Notice of Settlement informing the district court that the parties had entered into a written settlement agreement (Settlement Agreement). In response to the Notice of Settlement, the district court entered an order addressing attorney's fees and costs. The order incorporated language from the Settlement Agreement.

Nevertheless, when Plaintiffs-Appellants filed their Motion for Attorney's Fees pursuant to the terms of the Settlement Agreement and the district court's related order, the district court denied the motion, concluding that because there was no judicial sanction of the Settlement Agreement, Plaintiffs-Appellants were not prevailing parties.

Plaintiffs-Appellants then filed their Motion to Incorporate. The district court denied the motion, and dismissed the case with prejudice. Plaintiffs-Appellants filed a timely Notice of Appeal.

1.      We review the denial of attorneys' fees under the Civil Rights Attorney's Fees Awards Act (42 U.S.C. § 1988(b)) and the Equal Access to Justice Act (28 U.S.C. § 2412(d)) for abuse of discretion. *See Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 848 (9th Cir. 2007); *see also Hoa Hong Van v. Barnhart*, 483 F.3d 600, 604 (9th Cir. 2007). "[W]e review questions of law concerning entitlement to attorneys' fees de novo and factual findings underlying those determinations for clear error." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1064 (9th Cir. 2022) (citation omitted). Whether a party is a "prevailing party" is a question of law reviewed de novo. *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1033 (9th Cir.), *cert. denied*, 144 S. Ct. 190 (2023).

We review the district court's decision on enforcing a settlement agreement for abuse of discretion, *see Ashker v. Newsom*, 81 F.4th 863, 874 (9th Cir. 2023), and "we review the interpretation of a settlement agreement de novo." *Id.* (citation omitted).

2.      "Under applicable Ninth Circuit law, a plaintiff prevails when he or she enters into a legally enforceable settlement agreement . . . [that] materially

alters the relationship between the parties." *Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002) (citation and internal quotation marks omitted). "A settlement agreement meaningfully alters the legal relationship between parties if it allows one party to require the other party to do something it otherwise would not be required to do. . . ." *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (citation and internal quotation marks omitted).

The district court erred in concluding that Plaintiffs-Appellants were not prevailing parties. *See San Diego Cnty. Credit Union*, 65 F.4th at 1034. Plaintiffs-Appellants "enter[ed] into a legally enforceable settlement agreement" with Defendants-Appellees. *See Barrios*, 277 F.3d at 1134. The Settlement Agreement "alter[ed] the legal relationship between [the] parties," *Jankey*, 537 F.3d at 1130, as conceded by Defendants-Appellees. And while a settlement agreement must receive some "judicial sanction" for a plaintiff to achieve prevailing party status, *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1173 (9th Cir. 2007), *as amended*, this circuit's precedent establishes that the "retention of jurisdiction" over a settlement agreement to resolve the issue of attorneys' fees "provide[s] sufficient judicial oversight" to render a plaintiff the prevailing party. *Richard S. v. Dep't of Dev. Servs.*, 317 F.3d 1080, 1087 (9th Cir. 2003) (citation omitted); *see also Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 451 (9th Cir. 2010) (same).

In this case, the district court not only retained jurisdiction over the

Settlement Agreement to resolve attorneys' fees, but it actually exercised that jurisdiction by enforcing certain terms in the parties' Settlement Agreement. In addition, the Settlement Agreement clearly contemplated an award of attorneys' fees. For instance, the Settlement Agreement provided for Plaintiffs-Appellants' voluntary dismissal and discharge of Defendants-Appellees "from any and all past or present claims for attorneys' fees" upon "the receipt of *the* payment" of attorneys' fees. The Settlement Agreement also strongly reflects an intention by the parties for the district court to enforce its terms as the parties "agree[d]" that the federal district court would "retain jurisdiction" to resolve disputes not resolved informally, and they agreed that unresolved attorney-fee disputes "will be submitted to the Court."

Circuit precedent establishes that this factor also supports a plaintiff's prevailing party status. *See, e.g.*, *Jankey*, 537 F.3d at 1130 (holding the plaintiff to be a prevailing party in part because the settlement agreement "both authorized judicial enforcement of its terms and expressly reserved resolution of the issue of attorney fees to the district court"); *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1059 (9th Cir. 2009) (holding the plaintiff to be a prevailing party in part because the settlement agreement

"specifically provided that its terms would be enforceable by the district court").[1]

Given these facts and precedents, the district court abused its discretion by declining to enforce the Settlement Agreement. *See Ashker*, 81 F.4th at 874.

Our dissenting colleague would draw the opposite conclusion. He observes that the district court "did not say [it] would retain jurisdiction to enforce the terms of the agreement," but that is immaterial on this record. The district court *did* retain jurisdiction for that purpose—and even exercised it. Rather than simply "acknowledging" the Settlement Agreement, the district court "**ORDERED**" the parties to comply with it. That the district court did not "incorporate" the Settlement Agreement's "substantive terms" into its order is also inconsequential. The same can be said of *Jankey*. Though an order incorporating such terms might be "sufficient" judicial imprimatur, *Carbonell v. INS*, 429 F.3d 894, 901 (9th Cir. 2005), it is not necessary. *See, e.g.*, *Jankey*, 537 F.3d at 1130; *Richard S.*, 317 F.3d at 1087–88. And while our colleague would seemingly distinguish *Jankey* and *Saint John's* because the district courts in those actions opted to retain jurisdiction

---

[1]    Defendants-Appellees argue that the Supreme Court's recent decision in *Lackey v. Stinnie*, 604 U.S. 192, 202 (2025) overrules *Barrios* and its progeny because those cases would permit a prevailing-party finding without a court "grant[ing] enduring relief" to plaintiffs. But unlike the preliminary injunctive relief at issue in *Lackey*, the Settlement Agreement at issue here—which the district court enforced—indeed provided Plaintiffs-Appellants "enduring relief." *Id.* Because our cases are not "clearly irreconcilable" with *Lackey*, we remain "bound" by them. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

over the settlement agreement at the time of dismissal, that point of distinction makes this case a better candidate for regarding the plaintiffs as prevailing parties, not a worse one. By enforcing the Settlement Agreement—while retaining jurisdiction over the case at large—the district court in this matter had even greater "judicial oversight" over the issue of attorneys' fees than the courts in *Jankey* and *Saint John's*. Because the district court's prevailing-party determination contravenes our caselaw, we must reverse.

**3.** The district court did not reference any procedural mechanism or authority enabling it to dismiss the case *sua sponte*, nor did Defendants-Appellees cite any such authority. Dismissal was not warranted under Rule 12(b)(6), Rule 41(a), Rule 41(b), or Rule 52. *See* Fed. R. Civ. P. 12(b)(6); 41(a)-(b); 52. Lacking any procedural basis, the district court erred in *sua sponte* dismissing the case with prejudice. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 825 (9th Cir. 2002) (per curiam).

**REVERSED AND REMANDED TO THE DISTRICT COURT TO AWARD ATTORNEYS' FEES AND COSTS TO PLAINTIFFS-APPELLANTS AS PREVAILING PARTIES.**

25-1196



FILED

MAR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HAWKINS, Circuit Judge, concurring in part and dissenting in part.

I join the Majority's conclusion that the district court erred by sua sponte dismissing the action.

I part ways with my friends in the majority from their conclusion that the district court abused its discretion by denying Plaintiffs' motion for attorneys' fees. Plaintiffs moved for an award of fees prior to dismissal. At that point, the district court had entered an order only acknowledging that the parties had reached a settlement agreement, including a timeline for fee negotiation and dismissal.[1] The order did not say the court would retain jurisdiction to enforce the terms of the agreement or otherwise incorporate the substantive terms of the agreement. Consequently, the district court permissibly concluded that it had not yet "placed its stamp of approval" on the settlement agreement at the time of Plaintiffs' fee motion. *See, e.g., Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1059 (9th Cir. 2009) (settlement agreement "judicially enforceable" where court entered order incorporating terms of agreement and retaining jurisdiction to enforce terms and decide applications for fees and costs); *Jankey v.*

---

[1] Unlike the Majority, I do not view this order as ordering the parties to comply with the terms of the settlement agreement or otherwise amounting to judicial enforcement of the settlement agreement.

*Poop Deck*, 537 F.3d 1122, 1128–30 (9th Cir. 2008) (same where court entered order acknowledging that plaintiff would file motion for fees and costs and "retaining jurisdiction for the purpose of enforcing the parties' Settlement Agreement").

The timing of events matters. The district court's jurisdiction at the time of Plaintiffs' fee motion was not the product of the court's affirmative exercise of discretion or approval of the settlement agreement. It was the product of timing, which distinguishes this case from cases like *Saint John's Organic Farm* and *Jankey*. The district court had authority to incorporate the settlement into an enforceable order or retain jurisdiction to enforce any aspect of the settlement, including the issue of attorney's fees. *See Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996). It declined to do so. I would affirm the district court's denial of attorneys' fees as within its discretion.